UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL U.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

20-CV-0503-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 16)

Plaintiff Michael U.[1] ("plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion (Dkt. No. 13) is denied and defendant's motion (Dkt. No. 14) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed an application for SSI on June 15, 2016, alleging disability beginning June 13, 2015. His claim was denied at the initial level, and again following a video hearing before an Administrative Law Judge ("ALJ"). (Tr. 15-24, 31-62)[3] The Appeals Council denied plaintiff's request for review on February 26, 2020. (Tr. 1-6) This action followed. (Dkt. No. 1)

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the

---

[2] The Court presumes the parties' familiarity with the case.

[3] Citations to "Tr__" refer to the pages of the administrative transcript. (Dkt. No. 10)

2

conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (*quoting Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or

whether he would be hired if he applied for work." *Id.* §423(d)(2)(A). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (*quoting Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §404.1520(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §404.1520(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §404.1520(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §404.1520(d). If the

4

claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.*

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §404.1520(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §404.1545(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §404.1520(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.*  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §404.1520(g)(1).  If the claimant can adjust to other work, he or she is not disabled. *Id.*  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.*

The burden through steps one through four described above rests on the claimant. If the claimant carries their burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll,* 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating plaintiff's claim. Under step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the application date of June 15, 2016. (Tr. 17) At step two, the ALJ found that plaintiff had the severe impairments of anxiety; social phobia; panic disorder; language learning disorder, and irritable bowel syndrome ("IBS"). (Tr. 17) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. (Tr. 18) Before proceeding to step four, the ALJ found that plaintiff had the RFC to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must avoid concentrated exposure to fumes, odors, dusts, gasses, and poorly ventilated areas; the claimant must avoid exposure to concentrated chemicals; the claimant must avoid extreme heat, wetness, or humidity; the claimant is limited to simple, unskilled work, in a low stress job, with only occasional decisionmaking; only occasional changes in the work setting; no public contact but this does not preclude superficial contact with public; occasional interaction with coworkers and supervision; and the claimant would be off-task up to 5% of any given work day.

(Tr. 19-20) The ALJ then found at step four that plaintiff had no past relevant work. (Tr. 23) At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy which plaintiff could perform. (Tr. 23-24) Accordingly, the ALJ found that plaintiff had not been under a disability within the meaning of the Act. (Tr. 24)

IV. *Plaintiff's Challenge*

Plaintiff seeks remand of the Commissioner's decision on the basis that the ALJ relied on his own lay opinion in formulating the RFC, which in turn was unsupported by substantial evidence. (Dkt. No. 13-1 at 11-14) Specifically, plaintiff asserts that the ALJ

"did not cite to a medical opinion or useful assessment as support because the administrative record was devoid of such evidence," and "instead simpl[y] summarized the gastroenterology treatment notes." (*Id.* at 12)[4]  The Court does not agree that remand is required.

At the outset, the Court observes that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). To that end, the Second Circuit Court of Appeals has held that "[a]lthough an ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.")); *see also Corbiere v. Berryhill*, 760 Fed. Appx. 54, 56 (2d Cir 2019) (affirming Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, relying instead on the relevant medical findings in the treatment notes); *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx.. 5, 9 (2d Cir. 2017) (finding that the ALJ could rely on treatment notes and activities of daily to formulate the RFC assessment, and rejected the argument that a medical opinion was required); *Johnson v. Colvin*, 669 Fed. Appx. 44, 46 (2d Cir. 2016) (explaining that an ALJ looks to "all of the relevant medical and other evidence" including

---

[4] Plaintiff's motion addresses only the severe impairment of IBS.

relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC).

Here, the ALJ's decision is clear that he relied on plaintiff's treatment notes and testimony, explicitly acknowledging that "the evidence of record does not contain an opinion supporting disabling limitations stemming from [plaintiff's] physical limitations." (Tr. 23) The ALJ extensively summarized plaintiff's treatment notes, which revealed moderate symptoms and improvement with prescription medication. Examinations revealed no acute distress and positive bowel sounds. (Tr. 21) The ALJ also noted plaintiff's activities of daily living, as reported to his physician, which included renovating a house, assisting with chores, and caring for his grandmother. (Tr. 21-22) Finally, the ALJ cited to the administrative hearing, during which plaintiff testified that his IBS symptoms were controlled by the prescription medication Viberzi, that he had no side effects from that medication, and that he had not been hospitalized for IBS. He further testified that with medication, he had a "little trouble" in the form of flare-ups. The medication reduced his bowel movements from 3-4 to 2-3 per day for no longer than 15 minutes at a time. (Tr. 21-22; see Tr. 40-41, 49-50) Considering plaintiff's moderate pain symptoms as demonstrated by the evidence of record and plaintiff's testimony, the ALJ assessed a non-exertional limitation of 5% off-task behavior in the RFC. (Tr. 21) Plaintiff has not cited to any medical evidence that his IBS caused additional work-related limitations rendering him unable to function within the parameters of the RFC finding. See generally Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (Plaintiff bears the burden of proof at steps one through four of the sequential analysis).

Plaintiff cites to *Alazawi v. Comm'r of Soc. Sec.*, No. 18-CV-00633, 2019 WL 4183910 (W.D.N.Y. Sept. 4, 2019), in support of his request for remand, but that case is not persuasive under these circumstances. In *Alazawi*, the ALJ rejected a treating medical opinion that was supported by evidence in the record, which included diagnoses of diverticulitis, colitis, and Crohn's disease; positive findings contained in a CT scan and colonoscopy; a hospitalization for bowel obstruction; and reports of severe symptoms stemming from the plaintiff's condition. 2019 WL 4183910, at *3. The District Court found, then, that remand was warranted because the ALJ erroneously relied on a consultative examiner's opinion to support his RFC determination that the plaintiff lacked limitations due to his Crohn's disease. *Id.* The record in this case contains no such opinion, and plaintiff does not point to any evidence to support additional limitations beyond those assessed by the ALJ.

Finally, contrary to plaintiff's assertion that "ALJ summarized the gastroenterology records as support," but "did not articulate a link between their notations of abdominal pain and diarrhea and the RFC determination," *see* Dkt. No. 13-1 at 14, the ALJ did explain the nexus between plaintiff's treatment notes, testimony, daily activities, and the formulated RFC, while explicitly acknowledging the absence of an opinion supporting disabling limitations stemming from plaintiff's physical impairments. (*See* Tr. 21-23) The ALJ therefore did not rely on his own lay opinion. *See Curry v. Comm'r of Soc. Sec.*, No. 20-1472, 2021 WL 1942331, at *2 n.3 (2d Cir. May 14, 2021) ("An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear . . . The ALJ did not draw medical conclusions; instead, and pursuant to his statutory authority, the ALJ considered the

medical and other evidence in the record in its totality to reach an RFC determination.") (citations omitted).

While plaintiff may disagree with the ALJ's treatment of the record evidence, the question is not whether plaintiff can offer a plausible alternative evaluation of the record, but whether substantial evidence supports the ALJ's overall decision. *See Cohen v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 51, 52 (2d Cir. 2016) (stating that the court may not substitute its own judgment for that of the Commissioner, even if it "might justifiably have reached a different result upon a *de novo* review") (quotation omitted). This Court declines any invitation to reweigh the evidence presented to the ALJ. *See Lewis v. Colvin*, 122 F. Supp. 3d 1, 7 (N.D.N.Y. 2015).

The Court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is denied and the Commissioner's motion for judgment on the pleadings (Dkt. No. 14) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   August 16, 2021
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge